In the Matter of THE WILL OF GEORGE TAYLOR, Deceased.

(Filed 8 April, 1959.)

Appeal by caveators from *Thompson, Special Judge,* October Civil Term, 1958, of Greene.

The late George Taylor, a resident of Greene County, died June 7, 1957. The paper writing purporting to be his last will and testament, referred to in the issues, was probated in common form on June 18, 1957. Under its terms, Annie Taylor, widow of George Taylor, was sole beneficiary and executrix. She qualified and acted as executrix.

Annie E. Taylor died January 18, 1958, intestate. Neither George Taylor nor Annie Taylor was survived by lineal descendants. A caveat was filed February 8, 1958. The caveators are the heirs and next of kin of George Taylor, deceased. The propounders are (1) the Administrator c.t.a.d.b.n. of the Estate of George Taylor, deceased, (2) the Administrator of the Estate of Annie Taylor, deceased, and (3) the heirs and next of kin of Annie Taylor, deceased.

Issues raised by the pleadings were submitted to and answered by the jury, to wit: "1. Was the paper writing dated April 29, 1957, and offered for probate as the last will and testament of George Taylor, deceased, signed and executed according to law? ANSWER: Yes. 2. If so, did the said George Taylor, deceased, on April 29, 1957, have

sufficient mental capacity to make and execute a valid Last Will and Testament? ANSWER: Yes. 3. If so, was the execution of the said Last Will and Testament procured by undue influence, as alleged in the Caveat? ANSWER: No. 4. Is the paper writing, and every part and clause thereof, the Last Will and Testament of George Taylor, deceased? ANSWER: Yes."

Thereupon, the court adjudged that said paper writing and every part and clause thereof is the last will and testament of George Taylor, deceased, and taxed the costs, including allowances to counsel for both propounders and caveators, against the estate of George Taylor, deceased.

The caveators excepted and appealed.

*Jones, Reed & Griffin for caveators, appellants.*
*Lewis & Rouse for propounders, appellees.*

PER CURIAM. The evidence offered by the respective interested parties was in sharp conflict. The issues, submitted under instructions in substantial accord with well settled legal principles, were resolved in favor of the propounders. We have carefully considered each of caveators' forty assignments of error. Suffice to say, none discloses error deemed sufficiently prejudicial to caveators to warrant a new trial.

No error.